UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NORMAN ADIE,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ALEXANDER JAMES STEWART,**<br><br>        **Defendant.** | Civ. No. 20-6200 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter arises out of a contract between plaintiff Norman Adie and defendant Alexander James Stewart. Adie allegedly lent Stewart $225,000, which Stewart did not repay. Stewart instead agreed to perform services at certain movie theaters owned by Adie to discharge the loan. After Stewart allegedly failed to perform these services, Adie sued for breach of contract and unjust enrichment. Stewart now moves to dismiss Adie's complaint.

    For the reasons set forth below, the motion is **DENIED.**

1

I.  **Background**[1]

Adie lent Stewart $225,000 so that he could purchase a membership interest in a cinema technology services company in 2001.[2] (Compl. ¶ 5.) After Stewart did not repay the debt, the two entered into a Membership Loan Agreement ("MLA") in 2007. (*Id.* ¶ 6.) Under the MLA, Stewart agreed to service certain movie theaters in which Adie had an ownership interest in lieu of paying off the debt. (*Id.* ¶¶ 6, 8.) The complaint alleges, however, that Stewart failed to provide the services in the first year of the agreement, thus breaching the MLA and owing Adie the full $225,000. (*Id.* ¶ 11, Exhibit A.)

In May 2020, Adie brought this suit against Stewart for breach of contract and unjust enrichment. (*Id.*) Stewart now moves to dismiss, asserting that (1) the complaint is untimely under the six-year statute of limitations, and that (2) the claim for unjust enrichment is precluded by the existence of a contract.

II.  **Standard of Review**

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[1]  For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Compl." | = | Complaint (DE 1) |
| "Def. Brf." | = | Memorandum of Law in Support of Defendant's Motion to Dismiss (DE 3-1) |
| "Pl. Brf." | = | Memorandum of Law in Opposition to Defendant's Motion to Dismiss (DE 9) |

[2]  The facts are described as alleged in the complaint. For purposes of a Rule 12(b)(6) motion, the well-pleaded factual allegations of the complaint are assumed to be true. *See* Section II, *infra*.

not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). "Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Nevertheless, on a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds, but "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher,* 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt,* 770 F.3d at 249).

> "Since the applicability of the statute of limitations usually involves questions of fact for the jury," *Van Buskirk v. Carey Can. Mines, Ltd.,* 760 F.2d 481, 498 (3d Cir. 1985), "if the bar is not apparent

3

> on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)[,]" *Schmidt*, 770 F.3d at 249 (internal quotation marks, brackets, and citation omitted).

*Fried v. JP Morgan Chase & Co.,* 850 F.3d 590, 604 (3d Cir. 2017). To be sustainable, a statute of limitations dismissal must consider the potential applicability of tolling doctrines in an appropriate case. *See Wisniewski*, 857 F.3d at 157–58 (reversing dismissal and remanding for consideration of whether time spent in exhausting administrative remedies tolled the § 1983 limitations period).

When deciding a motion to dismiss, a court typically does not consider matters outside the pleadings. However, a court may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document[.]" *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and citations omitted); *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *Schmidt,* 770 F.3d at 249.

### III. Discussion

#### a. Statute of Limitations

Stewart asserts that Adie's claim is barred by the statute of limitations. The statute of limitations, however, will support dismissal under Rule 12(b)(6) only in the clear case where a plaintiff has pled itself out of court. Indeed, the applicability of the statute of limitations will "usually" pose a question of fact for the jury, *Fried,* 850 F.3d at 604, unless it can be resolved on summary judgment.

The statute of limitations on a breach of contract claim in New York is six years, and the period begins to run when a breach occurs.[3] *See* N.Y. C.P.L.R. §§

---

[3] Both parties apply New York law and point to the MLA's choice-of-law provision designating New York law. (Def. Brf. 2-3; Pl. Brf. 2.) A federal court sitting in diversity must apply state substantive law and federal procedural law. *See Erie R.R. v.*

203(a); *Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc.*, 916 F.3d 116, 125 (2d Cir. 2019). Adie's complaint, filed in May 2020, relies on an agreement signed in 2007, which was breached sometime within the first year. (Compl. ¶ 9-10.) Without tolling, the six-year statute of limitations would have elapsed, and the complaint would therefore be untimely.

At the motion to dismiss stage, however, the court considers applicable tolling doctrines, and a plaintiff is not required to plead around an affirmative defense in the complaint. Under New York law, a partial payment of a debt can have the effect of tolling or restarting the statute of limitations period. *See Educ. Res. Inst., Inc. v. Piazza*, 794 N.Y.S.2d 65 (App. Div. 2005); *Lew Morris Demolition Co. v. Bd. of Ed. of City of New York*, 40 N.Y.2d 516, 521(1976).

The absence of tolling is not obvious on the face of this complaint, which does not rule out the possibility that later payments tolled the statute of limitations. Nor is the possibility wholly speculative; Adie himself suggests that there may have been later payments.[4] Their legal effect, if any, can be explored later. Because Adie did not plead facts that unequivocally show that tolling doctrines do not apply (by explicitly alleging that Stewart never made any payments toward the debt, for example), the complaint survives the motion to dismiss on statute of limitations grounds.

### b. Unjust Enrichment

Stewart additionally argues that Adie's claim for unjust enrichment is precluded by the existence of the MLA. (Def. Brf. 6-7.) Double recovery of damages, of course, is not permitted, but what a claimant may recover is

---

*Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). I therefore apply New York's statute of limitations and tolling doctrine but apply the federal motion to dismiss standard.

[4] Indeed, Adie filed several certifications in this case which indicate that Stewart made payments after 2007 which could serve to toll the statute of limitations. (DE 6, 7, 8.) I do not consider those facts in this motion, however, as facts set out in a certification are not properly considered on a motion to dismiss. *Ocean City Exp. Co. v. Atlas Van Lines, Inc.*, No. CIV. 13-1467 JBS/KMW, 2013 WL 3873235, at *3 (D.N.J. July 25, 2013).

distinct from what a claimant may plead; Federal Rule of Civil Procedure 8(d) permits alternative and inconsistent pleading of claims. Fed. R. Civ. P. 8(d)(2), (3). Thus, courts regularly permit claims for both unjust enrichment and breach of contract to proceed at the motion to dismiss stage, finding that dismissal of either would be premature.[5] *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736 (D.N.J. 2008).

Should he prevail, Adie will not be permitted to recover duplicative damages on both a breach of contract and unjust enrichment claim. I will not, however, dismiss Adie's unjust enrichment claim at this preliminary stage.

### IV.   Conclusion

For the reasons set forth above, the motion to dismiss is denied.

An appropriate order follows.

Dated: December 21, 2020

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge

---

[5]   The state court pleading standards that Defendant cites are inapposite. Federal court pleading standards are not controlled by state law, and state court pleadings are not governed by Federal Rule 8(d). Even under New York law, however, where the existence of a controlling contract between the parties has not been conceded by the parties or determined by the motion court, the assertion of a cause of action for breach of contract does not preclude a plaintiff from asserting a cause of action for unjust enrichment. *Omar v. Moore*, 99 N.Y.S.3d 549, 551 (2019).